Argued and submitted July 6, award of benefits for temporary total disability reversed and remanded for reconsideration September 5, 1990

In the Matter of the Compensation of
Arthur R. Morris, Claimant.

## WAUSAU INSURANCE COMPANIES,
*Petitioner,*

*v.*

Arthur R. MORRIS,
*Respondent.*

(89-0063M; CA A62580)

796 P2d 1243

David Horne, Beaverton, argued the cause and filed the brief for petitioner.

Douglas L. Minson, Hillsboro, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

The Workers' Compensation Board reopened claimant's claim on its own motion pursuant to ORS 656.278(1)(a).[1] It is undisputed that claimant has experienced a worsening of his compensable condition and that he needs surgery. Employer's insurer seeks review of the Board's decision that he is also entitled to benefits for temporary total disability until he becomes medically stationary or is released for work.

The Board relied on *Dawkins v. Pacific Motor Trucking,* 308 Or 254, 258, 778 P2d 497 (1989), in which the Supreme Court held:

> "To receive temporary total disability upon aggravation of a work-related injury, the claimant must be in the work force at the time of the aggravation. *Cutright v. Weyerhaeuser Co.,* [299 Or 290, 702 P2d 403 (1985)]. A claimant is deemed to be in the work force if:
>
> "a. The claimant is engaged in regular gainful employment; or
>
> "b. The claimant, although not employed at the time, is willing to work and is making reasonable efforts to obtain employment, *Cutright v. Wyerhaeuser Co., supra; see* ORS 656.206(3); or
>
> "c. The claimant is willing to work, although not employed at the time and not making reasonable efforts to obtain employment because of a work-related injury, where such efforts would be futile. *Cf. SAIF v. Stephen,* 308 Or 41, 47-48, 774 P2d 1103 (1989).
>
> "A claimant who is not employed, is not willing to be employed, or although willing to be employed is not making reasonable efforts to find employment (unless such efforts

---

[1] ORS 656.278 provides, in part:

"(1) Except as provided in subsection (5) of this section, the power and jurisdiction of the board shall be continuing, and it may, upon its own motion, from time to time modify, change or terminate former findings, orders or awards if in its opinion such action is justified in those cases in which:

"(a) There is a worsening of a compensable injury that requires either inpatient or outpatient surgery or other treatment requiring hospitalization. In such cases, the board may authorize payment of temporary disability compensation from the time the worker is actually hospitalized or undergoes outpatient surgery until the worker's condition becomes medically stationary, as determined by the board[.]"

would be futile because of the work-related injury) has withdrawn from the work force. A claimant who, at the time of the aggravation of the work-related injury, has withdrawn from the work force is not entitled to temporary total disability."

Claimant has not worked since he was injured in 1983. There is substantial evidence to support the Board's finding that he has been totally disabled since 1986. The record shows, additionally, that claimant has had little motivation to return to work and that he has twice been denied benefits for permanent total disability on that ground. Despite that, the Board found that claimant is now willing to work, and on that basis it held that he was in the work force when his condition worsened and is entitled to benefits for temporary total disability.

■ Contrary to claimant's contention, although the Board is permitted in certain cases to award additional benefits on its own motion "if in its opinion such action is justified," ORS 656.278(1), the Board's decision is not completely discretionary; a claimant must qualify for those benefits. Claimant was not entitled to benefits for temporary total disability simply because the Board decided to award them. OAR 438-12-035 provides that temporary total disability benefits awarded by the Board on its own motion "shall continue to be paid under the relevant statutory provisions and regulations established by the Director for all other claims[.]" Claimant is entitled to benefits for temporary total disability only if he qualifies for those benefits under the relevant statutory provisions. We review the Board's own motion order pursuant to ORS 183.482(7) and (8) for substantial evidence and errors of law. ORS 656.298(6).

■ Employer contends that, in finding that claimant is willing to work, the Board has disregarded its previous rulings regarding his lack of motivation to seek work. We agree with the Board that it is claimant's willingness to seek work *at the time of the aggravation* that is relevant to whether he is in the work force. Although claimant may have withdrawn from the work force at one time, and the Board may have made a finding to that effect, that decision does not irrevocably commit him to retirement for purposes of workers' compensation benefits. If he is willing to seek work at the time of the aggravation, he is a member of the work force at that time.

■     We conclude, however, that the Board has not adequately explained its finding that claimant is willing to work. The Board did not hold a hearing, as it could have, *see* OAR 438-12-040, or consider any evidence other than the medical report submitted to support the need for surgery and a letter from claimant's attorney stating that claimant "is adamant that he has wanted to work throughout this entire period of time" and "has never voluntarily removed himself from the labor market."[2] The letter does not separately state that claimant's attitude toward work has changed or that he is presently willing to work. In the light of the Board's two previous determinations that are directly contrary to claimant's assertion that he has never withdrawn from the work force,[3] it needs to explain its conclusion.

Award of benefits for temporary total disability reversed; remanded for reconsideration.

---

[2] Although the letter is hearsay and would not be admissible under the evidence code, those rules do not apply to the Board. *See* ORS 656.283(7).

[3] In its opinion of July, 1984, the Board, in affirming the referee, found:

"As has been observed by most of the physicians who have examined claimant over the past several years, he clearly lacks any motivation to return to work. Not only does he lack motivation to return to work, but he is strongly motivated to preserve his disability status and to convince others that he is unable to work. It appears that claimant determined several years ago that he would never return to work and he has proceeded to insure that that decision becomes a self-fulfilling prophecy. That is unfortunate, because claimant is undoubtedly quite disabled. His unwillingness to consider a return to work, however, makes any rehabilitation efforts futile and hampers a determination of the extent to which he is precluded from the general labor market."